Castillo v. Garland

BIA
Douchy, IJ
A208 537 031

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of September, two thousand twenty-three.

PRESENT:
　　　　REENA RAGGI,
　　　　RAYMOND J. LOHIER, JR.,
　　　　BETH ROBINSON,
　　　　　　*Circuit Judges.*
_____

JUAN PABLO CASTILLO,
　　　　*Petitioner,*

　　　v.　　　　　　　　　　　　　　　　21-6260

　　　　　　　　　　　　　　　　　　　　NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
　　　　*Respondent.*
_____

FOR PETITIONER:　　　　　Hamdan Qudah, Esq., Paterson, NJ.

**FOR RESPONDENT:**        Brian Boynton, Principal Deputy Assistant Attorney General; Russell J. E. Verby, Senior Litigation Counsel; John D. Williams, Senior Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Juan Pablo Castillo, a native and citizen of Ecuador, seeks review of an April 9, 2021 decision of the BIA affirming an October 30, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Juan Pablo Castillo*, No. A208 537 031 (B.I.A. Apr. 9, 2021), *aff'g* No. A208 537 031 (Immigr. Ct. N.Y.C. Oct. 30, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA—that is, without considering grounds cited by the IJ for finding Castillo not credible on which the BIA declined to rely. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review the agency's "legal conclusions *de novo*, and its factual findings, including adverse credibility determinations, under the substantial

2

evidence standard." *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) (internal quotation marks omitted). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

In assessing credibility, an IJ must consider "the totality of the circumstances," including such factors as,

> the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence in the record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). That is not this case. Substantial evidence supports the agency's

determination that Castillo was not credible as to his claim that gang members assaulted him three times because of his evangelical Christian proselytizing.

The BIA affirmed the adverse credibility determination based on three inconsistencies in the record regarding, (1) whether Castillo was tied to a tree during the third alleged assault, (2) how many gang members were involved in that incident, and (3) whether gang members ever took him to a forest to attack him. The inconsistencies are supported by the record.

*First*, in his written statement describing the third assault, Castillo asserted that gang members held a gun to his head and poured gasoline on him, but he escaped during a gunfight between the gang and the police. By contrast, the record of his credible fear interview reflects that he stated that the gang members tied him to a tree before pouring gasoline on him. At his hearing, Castillo initially testified consistently with the written statement, *i.e.*, he said that he was in the middle of the street when gasoline was poured on him, and he was restrained only by the threat posed by the gun.[1] When asked about the discrepancy with his credible fear interview, he changed his testimony to conform with that account,

---

[1] Contrary to Castillo's argument, his initial testimony during cross-examination did not leave open the possibility that he was also tied to a tree. *See* Cert. Admin. Rec. 161–62.

explaining that he had not remembered being tied to a tree. The agency was not required to accept that explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2018) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)). Being tied to a tree is an important aspect of this assault that Castillo would be expected to remember during his hearing (and mention in his written statement), and it appears incompatible with Castillo's testimony that he was in the middle of the road when gasoline was poured on him and he was able to escape during the alleged gunfight with the police.

*Second,* Castillo testified on direct and cross-examination that only two gang members were present during this third assault. In his credible fear interview and written statement, however, he asserted that three gang members were present. Castillo's explanation that he misunderstood a question on cross-examination is not compelling because he also made the misstatement on direct examination and the question referred to the only assault involving gasoline. *See id.*

*Third*, the credible fear interview record reflects that Castillo stated that, in June 2015, gang members harmed him for the second time by forcing him into a vehicle and taking him to a forest, where they beat him. When the IJ asked Castillo about that statement, he denied having been taken to a forest, and he said he did not know why his credible fear interview record would indicate otherwise.

Castillo argues that the credible fear interview record is unreliable because it reflects that he misunderstood the questions posed. We are not persuaded. The agency may rely on a credible fear interview record if the interview was "(1) conducted in a non-coercive and careful manner, and (2) appropriately documented by the interviewing authorities." *Ming Zhang v. Holder*, 585 F.3d 719, 725–26 (2d Cir. 2009) (internal quotation marks and citation omitted). That is the case here: Castillo's interview was conducted in his primary language through an interpreter; his attorney was present (by telephone) during questioning; the interviewer instructed Castillo about the purpose of the interview and that he should say if he did not understand any questions; the interview was recorded in a typewritten document setting forth questions and answers; the questions were designed to elicit the basis for Castillo's claim; and, at the close of the interview, Castillo confirmed that he understood everything that had been asked. *See* Cert.

Admin. Rec. 323. While Castillo is correct that some of his answers were nonresponsive, the interviewer asked clarifying follow-up questions, the agency did not rely on those portions of the interview to question his credibility, and there is no indication that Castillo misunderstood the questions related to the issues that the agency did rely on.

Castillo's complete lack of corroboration bolsters the agency's adverse credibility determination. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Here, there was no evidence, beyond Castillo's own statements, that he was an evangelical Christian or that he was ever assaulted. The only evidence Castillo offered beyond his own statements was country conditions evidence that would not have provided strong support for Castillo's claims even if the agency had credited his representations about his religious activities.

Contrary to Castillo's argument, the agency was not required to identify specific evidence and explain why it was reasonably available, as it would have been if his testimony had been found credible, but uncorroborated. *See Chuilu Liu*

7

*v. Holder*, 575 F.3d 193, 198 n.5 (2d Cir. 2009) ("[C]redibility and corroboration are distinct principles in this Circuit's immigration jurisprudence. The critical distinction is this: while a failure to corroborate can suffice, without more, to support a finding that [a noncitizen] has not met his burden of proof, a failure to corroborate cannot, without more, support an adverse credibility determination."); *Wei Sun v. Sessions*, 883 F.3d 23, 31 (2d Cir. 2018) ("[W]hen an IJ determines that the applicant has failed to meet his burden of proof based on the failure to provide corroborating evidence, the IJ should perform the following analysis: (1) point to specific pieces of missing evidence and show that it was reasonably available, (2) give the applicant an opportunity to explain the omission, and (3) assess any explanation given."). Moreover, the IJ *did* identify specific evidence that was lacking: a letter from Castillo's church in Ecuador, hospital records, and letters from family members in the United States to whom Castillo allegedly preached. The IJ considered Castillo's explanations for these omissions, which did not compel the conclusion that these records were unavailable. *See* 8 U.S.C. § 1252(b)(4) ("No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court

finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable.").

Taken together, the inconsistencies and lack of corroboration provide substantial evidence for the adverse credibility determination. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude [a noncitizen] from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same facts.[2] *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

---

[2] The BIA erred in finding that Castillo waived his CAT claim. The IJ relied on the adverse credibility determination to deny all relief, so Castillo necessarily challenged the denial of CAT protection by challenging the adverse credibility determination. But this error is harmless because substantial evidence supports the adverse credibility determination. Also, in any event, Castillo has waived this issue by failing to present any arguments to this court concerning his CAT claim. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n.7 (2d Cir. 2005) (deeming claim for which petitioner "devote[d] only a single conclusory sentence" "abandoned" on petition for review and declining to consider it).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays are VACATED.

                                FOR THE COURT:
                                Catherine O'Hagan Wolfe,
                                Clerk of Court